# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**KENNETH D MILLER**                                                                        **PETITIONER**
*ADC #173449*

V.                              CASE NO. 4:20-cv-00523-JM-JTK

**DEXTER PAYNE**
*Director, ADC*                                                                              **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.    Introduction

Before the Court is Kenneth Miller's Petition for Writ of Habeas Corpus. *Doc.* 1.[1] Miller is an inmate in the Arkansas Division of Correction ("ADC"). On June 10, 2019, Miller pled no contest to four counts of distributing, possessing, or viewing child pornography. *See Doc.* 7-1 at 1-3. He received two consecutive ten-year sentences. *See Doc.* 7-2 at 8-19. Miller filed a Rule 37 petition, and it was denied by the circuit court on September 11, 2019. He appealed, and on April 29, 2020, the Arkansas Court of Appeals affirmed the circuit court's denial of his petition. *See Doc.* 7-4 at 1-7. On May 18, 2020, Miller timely filed this habeas petition alleging: 1) his plea of no contest was "coerced" by his lawyer's advice regarding the availability of his plea deal and potential sentencing, 2) he received ineffective assistance of counsel since his lawyer failed to investigate mitigating facts, 3) he was denied due process, and 4) the State and State courts engaged in "illegally thwarting tactics" with his Rule 37 petition. *See Doc.* 1 at 5-10. For the reasons stated below, the Court recommends that Miller's petition be dismissed with prejudice.

---

[1] The italicized "*Doc.*" refers to the docket number entry in the Court's electronic filing system for this case. The Court will cite to the docket number entries rather than the title of each filing.

II.     **Background**

   a.  **Underlying State Case**

On August 3, 2018, Miller was charged with twenty counts of distributing, possessing, or viewing child pornography. *See State v. Miller*, 63CR-18-661, Criminal Information (Saline County Cir. Ct. August 3, 2018)[2] ("*Miller I*"). Frank Cardis entered an appearance as Miller's lawyer. *See Miller I*, Entry of Appearance, August 6, 2018. After a continuance, Miller's trial was set for June 18, 2019. *See Miller I*, Order to Appear, March 15, 2019. Before this trial date, Cardis told Miller about a plea offer from the State: if he pled no contest to four counts for a twenty-year sentence, the State would nolle pros the other sixteen counts. According to Miller, Cardis told him the State would withdraw the offer if he refused it and seek to "[implement] the [maximum] term punishable by law." *Doc.* 7-2 at 46.

On June 10, 2019, Miller pled no contest to the four counts, and the State nolle prossed the remaining sixteen. *See Doc.* 7-1 at 6-7. At that hearing, the circuit court ensured that Miller understood his plea:

| | |
|---|---|
| THE COURT: | Okay. I'm gonna show you your plea statement which will be made part of the record and ask you if that's your signature on each page, sir? |
| DEFENDANT MILLER: | Yes, Your Honor. |
| THE COURT: | Have you been over that statement with your attorney? |
| DEFENDANT MILLER: | Yes, Your Honor. |
| THE COURT: | And I should have asked you, have you read it? |
| DEFENDANT MILLER: | Yes, Your Honor. |

---

[2] The Court takes judicial notice of the docket entries and pleadings filed in Miller's underlying State cases. Since the State's electronic filing system does not number each docket entry, the Court will cite to the title of each filing and the date it was filed.

| | |
|---|---|
| THE COURT: | Okay. Do you think you understand its contents? |
| DEFENDANT MILLER: | Yes, Your Honor. |
| THE COURT: | Do you think you understand what's going on today? |
| DEFENDANT MILLER: | Yes, Your Honor. |
| THE COURT: | Has your attorney answered all your questions? |
| DEFENDANT MILLER: | Yes, Your Honor. |
| THE COURT: | Can you think of any questions that you might have for me or him about this statement or about your case that have not been answered to your satisfaction? |
| DEFENDANT MILLER: | No, Your Honor. |
| THE COURT: | I'm gonna ask you for your plea, sir. To the charge of four counts, class C felony, possession of matter depicting sexually explicit conduct of a child, what are your pleas? |
| DEFENDANT MILLER: | No contest, Your Honor. |
| THE COURT: | To all four counts? |
| DEFENDANT MILLER: | Yes, Your Honor. |

*Doc.* 7-1 at 5-6.

After that exchange, the court asked the prosecutor to state the factual basis for the charges:

| | |
|---|---|
| [MS. BUSH]: | Your Honor, this investigation started with the State Police. They received information that appeared to be a download of three suspected child pornography films had been made. They issued a subpoena for the IP address. The IP address came back to Kenneth Miller at Miller's residence. They subsequently obtained a search warrant, searched his residence, found a computer that contained child pornography and |

4

| | |
|---|---|
| | in that child pornography they found searches. They found at least 20 images of children who were unclothed and/or engaging in sexual positions. |
| THE COURT: | Were you able to hear what Ms. Bush said, Mr. Miller? |
| DEFENDANT MILLER: | Yes, Your Honor. |
| THE COURT: | Okay. Do you contest what she just said? |
| DEFENDANT MILLER: | No, Your Honor. |

*Id.* at 7.

Based on that plea, the court proceeded to sentencing,

| | |
|---|---|
| THE COURT: | I'm gonna find that there is [a factual basis for the plea] and that the plea is voluntary. I think I said this, if I did not, I will make this statement a part of the record, sir. You have agreed to 120 months in the Department of Correction on each of these counts. Two counts, and I'm not sure how it'll be worded, but just by way of example, it might be that counts one and two will be concurrent with each other and counts three and four concurrent with each other, but then one and two will be consecutive to three and four. Do you understand the sentence that's gonna be imposed, sir? |
| DEFENDANT MILLER: | Yes, Your Honor. |
| THE COURT: | That's a total of 240 months. You understand that? |
| DEFENDANT MILLER: | Yes, Your Honor. |
| THE COURT: | Is that what you agreed to? |
| DEFENDANT MILLER: | Yes, Your Honor. |

*Id.* at 8.

Miller's sentencing orders were filed nine days later. *See Doc.* 1 at 43-54.

5

b. **Miller's Rule 37 Petition**

On September 3, 2019, Miller filed a Rule 37 petition in the court that sentenced him. *See Doc.* 1 at 33. In his petition, Miller raised four grounds: 1) his plea of no contest was "coerced" by his lawyer's statement that the plea would be withdrawn if he did not take it, *Doc.* 1 at 36, 41; 2) he received ineffective assistance of counsel because he should have received a lower sentence according to the Arkansas sentencing grid, *Id.* at 41; 3) he received ineffective assistance of counsel since his lawyer failed "to conduct adequate investigation of mitigation facts… for use in the sentencing phase," *Id.* at 42; and 4) he was denied due process due to ineffective counsel. *Id.* at 37, 42.

On September 11, 2019, the circuit court entered an order denying Miller's petition. *Doc.* 1 at 55-56. First addressing Miller's "coerced confession" claim[3], it opined that Miller's lawyer's statement that the offer would be withdrawn if he did not plea "is probably true," but either way, the allegation "would not support a finding of ineffective assistance of counsel." *Id.* at 55. The court noted Miller faced up to two hundred years if convicted on all twenty counts so bargaining for a plea on four counts to two consecutive ten-year sentences was "nothing but an exercise of defense tactics on the part of Petitioner's attorney." *Id.* at 56. It found Miller's lawyer's advice to be reasonable and even stated it believed "that Petitioner's attorney made a wise decision in encouraging Petitioner to accept the plea offer." *Id*. It also observed that Miller pled no contest voluntarily and stated his satisfaction with his attorney during his plea and sentencing hearing. *See id*. The circuit court then addressed Miller's claim that "his attorney was ineffective for not

---

[3] The circuit court treated Miller's "coerced confession" claim separately saying Miller "does not state how this conclusory allegation relates to his allegation of ineffective assistance of counsel." *Doc.* 1 at 55. While Miller labeled ground one as "coerced confession" in his original petition, *Doc.* 1 at 36, he later elaborates: "he would not have entered a guilty plea had he not been ill advised by trial counsel." *Id.* at 42. So, this Court takes his "coerced confession" to be the same as his claim that his "attorney coerced him into pleading guilty by stating that his attorney advised him that if he did not accept the State's negotiated plea offer, the offer would be withdrawn," which the circuit court did address. *Doc.* 1 at 55.

procuring a plea bargain that would have placed him on probation instead of netting him a prison term." *Id*. While Miller cited to the Arkansas Sentencing Standards Grid that suggest a non-prison sentence for someone charged with one count of distributing, possessing, or viewing child pornography and zero prior criminal history, the circuit court noted Miller's argument "ignores the fact that he was charged with twenty (20) counts, not one (1)." *Id.* The circuit court found no facts supporting Miller's remaining claims and dismissed his petition. *See id.*

On January 13, 2020, Miller appealed the circuit court's denial of his Rule 37 petition to the Arkansas Court of Appeals. *See Doc.* 1 at 16-32. Miller raised the same grounds in his Rule 37 petition: 1) he was coerced into pleading no contest by his lawyer's advice regarding the plea deal and potential sentencing, *Doc.* 1 at 21-22, 2) his lawyer was ineffective for not investigating mitigation facts, *Id.* at 22, and 3) a general ineffective assistance of counsel claim. *Id*. at 23. Miller also introduced a new claim: the circuit court's denial order was insufficient, and it erred in refusing to hold a hearing on his Rule 37 petition. *See id.* at 28-29. In his reply to the state's brief, he introduced yet another claim: his claims were "deliberately misinterpreted or misconstrued" by the State in its reply brief. *Doc.* 1 at 66. The Arkansas Court of Appeals issued its opinion affirming the circuit court's denial on April 29, 2020, *Miller v. State*, 2020 Ark. App. 270, 599 S.W.3d 398 (2020) ("*Miller II*"), and that opinion will be discussed more fully below.

      c.   **This Habeas Petition**

On May 18, 2020, Miller timely filed the present habeas petition. In it, Miller raises the same claims he raised in his state appeal: 1) his plea of no contest was "coerced" by his lawyer's advice regarding the withdrawal of the plea deal and potential sentencing, 2) his counsel was ineffective for failing to "conduct [an] adequate investigation of mitigation facts… for use in the sentencing phase," 3) he was denied due process because "a right to conflict free counsel is

7

guaranteed," 4) the State engaged in "illegal thwarting tactics" (i.e.) when it "false proffered [and] misconstrued the claims of the state 'Rule 37, Petition' proceeding in order to allow a 'de novo review' absent the actual claims!" *See Doc.* 1 at 5-10.

### III. Discussion

#### a. Miller's Ineffective Assistance of Counsel Claims

Miller's ineffective assistance of counsel claims were adjudicated by the state courts on the merits. His ground three is simply a recitation of the law regarding the right to counsel, so it merits no separate consideration from his first two.

##### i. Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that federal courts cannot grant habeas relief for any claim "adjudicated on the merits in State court proceedings" unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2). As to the first section, the Eighth Circuit has explained,

> A decision is "contrary to" clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or if it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A decision is "an unreasonable application of" clearly established federal law if [it] is clearly erroneous, that is, if no "'fairminded jurists could disagree' on the correctness of the state court's decision."

*Armstrong v. Hobbs*, 698 F.3d 1063, 1066 (8th Cir. 2012). "[T]he state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Brown v. Luebbers*, 371 F.3d 458, 467 (8th Cir. 2004) (citing *Early v. Packer*, 537 U.S. 3, 8 (2002)). "Review under 28 U.S.C. § 2254(d)(1) is limited to

8

the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). With respect to the second section, "'[a]n unreasonable determination of the facts in light of the evidence presented in state court proceedings' occurs 'only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record.'" *White v. Dingle*, 757 F.3d 750, 755-56 (8th Cir. 2014) (citations omitted).

The clearly established federal law for these claims is *Strickland*, which held that a petitioner claiming ineffective assistance of counsel must show: "(1) that his lawyer's representation fell below an objective standard or reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant." *Abernathy v. Hobbs*, 748 F.3d 813, 816 (8th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). In the context a guilty plea, a petitioner can satisfy the second prong by showing "that there is an objectively reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Taking AEDPA and *Strickland* together establishes a "doubly deferential" standard of review for section 2254 petitions alleging ineffective assistance of counsel. *See Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citations omitted). Miller bears the burden of showing the Arkansas Court of Appeals unreasonably applied *Strickland* and other United States Supreme Court decisions in his case or made an unreasonable determination based on the facts.

### ii. Analysis

The Arkansas Court of Appeals affirmed the Circuit Court's finding that Miller's ineffective assistance of counsel claims were meritless. *See Miller II*, 2020 Ark. App. 270, at 4-5, 599 S.W.3d at 401-403. It began its discussion of the standard of review by citing the Arkansas

Supreme Court's decision in *Mitchell v. State*, 2012 Ark. 242, 2012 WL 1950257. *See id*. at 4, 599 S.W.3d at 402-403. The cited portion states the *Strickland* standard for ineffective assistance of counsel and a variety of Arkansas Supreme Court cases that discuss the standard. *See id.* After that discussion, it stated the standard for the denial of a hearing under Rule 37: "If it is conclusive on the face of the petition that no relief was warranted, then the trial court did not err in declining to hold an evidentiary hearing on a claim for relief." *Id.* at 5, 599 S.W.3d at 402 (citing *Beverage v. State*, 2015 Ark. 112, 458 S.W.3d 243). Thus, to address Miller's claim that the circuit court erred by not holding a hearing, it had to decide if his ineffective assistance allegations lacked merit on their face.

Like the circuit court, the Court of Appeals treated Miller's "coerced confession" claim as separate from his coerced guilty plea claim: "In his reply brief, Miller argues that counsel acted in bad faith when he gave 'ill advice' to him so that he was 'overpowered' and pled guilty. He argues that he did provide the factual basis for his claim. We do not address the merits of a question when the argument is raised for the first time in a reply brief." *Id.* at 7, 599 S.W.3d at 403. However, it did address Miller's contention that he was "coerced" into pleading guilty by his lawyer's advice and found no error in the circuit court's finding:

> The circuit court found that counsel's assertion that the plea deal would have been withdrawn was true and that the allegation did not support an ineffective-assistance-of-counsel claim. The circuit court committed no error in finding that counsel's advice to take the plea was a defense tactic properly exercised. When a decision by counsel was a matter of trial tactics or strategy and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1.

*Id.* at 6, 599 S.W.3d at 402 (citing *Mister v. State*, 2014 Ark. 445, at 7, 446 S.W.3d 624, 627).

Turning next to Miller's contention that he was entitled to receive a lower sentence based on the Arkansas Sentencing Grid, the Court of Appeals credited the circuit court's observation that

Miller's total exposure would have been two hundred years imprisonment without the negotiated plea. *See id.* at 6, 599 S.W.3d at 403. It found Miller's claim that he should have received lower sentence a mere "allegation[] without factual substantiation" that cannot "overcome the presumption that counsel was effective." *Id.* at 6-7, 599 S.W.3d at 403.

Miller's remaining ineffective assistance claim is that his lawyer was ineffective for failing to "conduct [an] adequate investigate of mitigation facts." *Doc.* 1 at 6-7. Addressing the Circuit Court's finding that Miller's remaining claims had no factual substantiation, the Arkansas Court of Appeals found no error: "Finally, the circuit court found that Miller's claim related to his assertions of law in the 'remainder' of his petition was not supported by facts. This determination was not in error." *Id.* at 7, 599 S.W.3d at 403.

Reviewing the record as a whole, the Arkansas Court of Appeals' holding regarding Miller's ineffective assistance of counsel claims was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). The court stated the proper *Strickland* standard as elaborated in Arkansas case law. *See id.* at 4, 599 S.W.3d at 401. It also cited *Ringo v. State*, 2020 Ark. App. 81, which lays out the right standard for ineffective assistance in the context of guilty pleas. *See id.* at 5, 599 S.W.3d at 402. It then correctly applied this standard in holding that Miller's allegations regarding his lawyer's advice and failure to investigate mitigating circumstances simply do not support an ineffective assistance of counsel claim.

As to factual findings, the Court of Appeals found no error in the circuit court's finding that Miller's lawyer's statement that the plea deal would be withdrawn if he did not take it was "probably true." *See id.* at 6, 599 S.W.3d at 402. This factual finding enjoys support in the record because Miller himself claims his lawyer relayed it to him. *See White*, 757 F.3d 750, 755-56 ("'[a]n unreasonable determination of the facts in light of the evidence presented in state court

11

proceedings' occurs 'only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record.'"). Both the Court of Appeals' and the circuit court's findings regarding Miller's sentencing exposure are also supported by the record: Miller was facing twenty counts of possession of child pornography before agreeing to plea to four counts to get the remaining sixteen counts nolle prossed. *See Doc.* 1 at 44.

Since the Arkansas Court of Appeals' holding on Miller's ineffective assistance claims was not "contrary to, or an unreasonable application of, clearly established federal law" and did not involve "unreasonable determination of the facts," there is no merit to these claims on federal habeas review. 28 U.S.C. § 2254(d)(1-2).

### b. Miller's Rule 37 and "Thwarting Tactics" Claims

In ground four, Miller claims that "the state false[ly] proffered [and] misconstrued the claims of the state 'Rule 37, Petition' proceeding in order to allow a 'de novo review' absent the actual claims!" *Doc.* 1 at 10. Based on his elaboration of this claim in his state appeal and his response in this case, Miller appears to contend that both the State lawyers and the State courts "misconstrued" his claims during his post-conviction proceedings. *See Doc.* 1 at 65-66; *Doc.* 8 at 2, 7-8.

### *i. Standard of Review*

Under 28 U.S.C. § 2254, a federal habeas petition can be granted if a petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Since the Constitution does not guarantee the existence of state post-conviction proceedings, the Eighth Circuit has stated:

> Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief

> proceeding… Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.

*Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) (citations omitted). Challenges to the sufficiency of post-conviction proceedings based on state law are not cognizable in federal habeas corpus proceedings because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Still, federal courts may intervene in very limited circumstances:

> the question is whether consideration of [petitioner's] claim within the framework of the State's procedures for postconviction relief 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'… Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided.

*DA's Office v. Osborne*, 557 U.S. 52, 69 (2009) (cleaned up).

### ii. Analysis

Miller's "thwarting tactics" claims implicate both the State's lawyers and the State courts. First, he claims that Respondent's lawyers "misconstrued" his arguments and used "an evasive strategy' subterfu[g]e most foul… designed to create illegally a 'false record' of the actual claims raised by [his Rule 37] petition" during his state appeal. *Doc.* 8 at 2. This claim lacks any constitutional basis since the state court had the ultimate authority to rule on his claims—how Respondent's lawyers interpreted his claims when they were defending against his appeal has no bearing on the constitutionality of his detention, so this claim is meritless. *See* 28 U.S.C. § 2254.

Miller also claims the circuit court misconstrued his petition: "the same circuit [court] also false proffered [and] misconstrued the Rule 37, claim had that counsel was ineffective for failing to obtain a plea agreement for probation… per any cursory Review of said Rule 37, petition itself

13

cannot find where verbatim such a claim of counsel being ineffective for failing to obtain a plea agreement for probation…" *Doc.* 8 at 7-8. Miller did state in his Rule 37 petition that "a similarly situated defendant as this petitioner can be sentenced to a (presumptive) term 0-mos. in prison, community correction ctr., Alternative sanction; as a first offender- with, 0- crim. history!" *Doc.* 1 at 41. This Court notes that "alternative sanctions" in the sentencing grid include probation, so the circuit court made no error in interpreting Miller's claim to be just that. *See* Arkansas Sentencing Standards Grid, https://doc.arkansas.gov/wp-content/uploads/2020/09/Sentencing-Standards-Grid-All-Levels.pdf (last visited Apr. 19, 2021).[4] Second, to the extent Miller claims the circuit court did not sufficiently set out the reasons for its conclusion, the Arkansas Court of Appeals held "[t]he circuit court's order adequately sets out its reasoning for denying Miller's Rule 37 petition." *Miller II*, 2020 Ark. App. 270, at 6, 599 S.W.3d at 402. The Court of Appeals also found no error in the circuit court's decision not to hold a hearing, concluding,

> Because no hearing is required when it is conclusive on the face of the petition that no relief is warranted, we hold that the circuit court did not err in declining to hold a hearing on Miller's Rule 37 petition.

*Id.* at 7, 599 S.W.3d at 403.

While the Arkansas Court of Appeals applied federal law to address the merits of Miller's ineffective assistance of counsel claims, its holdings on the necessity of a hearing and the sufficiency of the circuit court's denial order are issues of Arkansas law. Therefore, Miller's claims rely on state-law questions and do not raise a constitutional issue that this Court can address on federal habeas review. *See Estelle*, 502 U.S. at 67-68; *Williams-Bey*, 894 F.2d at 317.

Even construing these claims regarding the treatment of his Rule 37 petition as a due

---

[4] The Court takes judicial notice of the Arkansas Sentencing Grid since it is available on a government website. *See Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (Approvingly citing Seventh Circuit precedent recognizing "the authority of a court to take judicial notice of government websites.").

process claim, they have no merit. This Court finds no fundamental inadequacy in Arkansas's rules regarding the availability of a hearing for Rule 37 as they were applied by the State courts in Miller's case or as they apply to petitioners in general. *See Osborne,* 557 U.S. at 69. Thus, Miller's claims related to the treatment of his Rule 37 petition are either not cognizable on federal habeas review or meritless as due process claims.

### IV.     Certificate of Appealability

Under Rule 11 of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right, so no certificate should issue.

### V.      Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Miller's § 2254 habeas petition, *Doc. 1,* be DISMISSED WITH PREJUDICE.
2. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO RECOMMENDED this 19th day of April, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE